JAP:AL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**12 M 451**

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

CARLOS PICHARDO,
    also known as
    "Eric Martinez,"
              Defendant.

C O M P L A I N T

(T. 8, U.S.C.,
§§ 1326(a) and
1326(b)(2))

- - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

      MARIO GARAFFA, being duly sworn, deposes and states that he is a Deportation Officer with United States Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

      On or about April 15, 2012, within the Eastern District of New York and elsewhere, the defendant CARLOS PICHARDO, also known as "Eric Martinez," being an alien who had previously been arrested and convicted of an aggravated felony, and was thereafter excluded and removed from the United States, and who had not made a re-application for admission to the United States to which the Secretary of the Department of Homeland Security, successor to the Attorney General of the United States, had expressly consented, was found in the United States.

      (Title 8, United States Code, Section 1326(b)(2)).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Deportation Officer with ICE and have been involved in the investigation of numerous cases involving the illegal re-entry of aliens. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the ICE investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. On or about April 15, 2012, the defendant CARLOS PICHARDO, also known as "Eric Martinez," was arrested by the New York City Police Department ("NYPD"), 106TH Precinct, in Queens, New York. The defendant was arrested and charged with Theft of Services, in violation of Section 165.15 of the New York State Penal Law. The defendant used the name "Eric Martinez" in connection with this arrest.

3. The NYPD notified ICE of this arrest. ICE officials ran a criminal history report and found that the defendant, a citizen of the Dominican Republic, had been previously removed from the United States on May 3, 2004. The

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all of the relevant facts and circumstances of which I am aware.

2

defendant used the name CARLOS PICHARDO in connection with this removal.

4. ICE officials also determined that on or about September 27, 2001, the defendant had been convicted of Criminal Sale of a Controlled Substance in the 3rd Degree, in violation of Section 220.39(1) of the New York State Penal Law, an aggravated felony offense. The defendant used the name CARLOS PICHARDO in connection with this conviction.

5. An ICE official with fingerprint analysis training compared the fingerprints taken in connection with the defendant's arrest underlying his September 27, 2001 conviction; the fingerprints taken in connection with the defendant's May 3, 2004 removal; and the fingerprints taken in connection with the defendant's April 15, 2012 arrest, and determined that all three sets of fingerprints were made by the same individual.

6. A search of ICE records has revealed that there exists no request by the defendant for permission from either the United States Attorney General of the Secretary of the Department of Homeland Security to re-enter the United States after removal.

WHEREFORE, your deponent respectfully requests that the defendant CARLOS PICHARDO, also known as "Eric Martinez," be dealt with according to law.

MARIO GARAFFA
Deportation Officer
U.S. Immigration and Customs Enforcement

Sworn to before me this
8th day of May, 2012

s/Bloom

HONO
UNIT                        JUDGE
EAST                        YORK

4